**IN THE U.S. DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LASZLO and ADEL KARALYOS, | ) | |
| citizens of Canada, individually and as parents of | ) | |
| ANN-CLAIRE KARALYOS, a minor, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. |
| | ) | |
| BOARD OF EDUCATION OF LAKE FOREST | ) | |
| COMMUNITY HIGH SCHOOL DISTRICT 115, | ) | |
| an Illinois municipal corporation, | ) | |
| LAKE FOREST COMMUNITY HIGH SCHOOL | ) | |
| DISTRICT 115, an Illinois municipal | ) | |
| corporation, CAROLYN GREVERS, an Illinois | ) | |
| citizen, individually and as employee and/or agent | ) | |
| of BOARD OF EDUCATION OF LAKE FOREST | ) | |
| COMMUNITY HIGH SCHOOL DISTRICT 115 | ) | |
| and LAKE FOREST COMMUNITY HIGH | ) | |
| SCHOOL DISTRICT 115, JOHN HIGGINS, | ) | |
| an Illinois citizen individually and as employee | ) | |
| and/or agent of BOARD OF EDUCATION OF | ) | |
| LAKE FOREST COMMUNITY HIGH SCHOOL | ) | |
| DISTRICT 115 and LAKE FOREST COMMUNITY | ) | |
| HIGH SCHOOL DISTRICT 115, COLIN KIELY, | ) | |
| an Illinois citizen individually and as employee | ) | |
| and/or agent of BOARD OF EDUCATION OF | ) | |
| LAKE FOREST COMMUNITY HIGH SCHOOL | ) | |
| DISTRICT 115 and LAKE FOREST COMMUNITY | ) | |
| HIGH SCHOOL DISTRICT 115 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COME the PLAINTIFFS, LASZLO KARALYOS and ADEL KARALYOS,

citizens of Canada, individually and as parents of ANN-CLAIRE KARALYOS, a minor,

by and through their attorneys, LEVIN, RIBACK LAW GROUP, and complaining of the

defendants, BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH

SCHOOL DISTRICT 115, an Illinois municipal corporation, LAKE FOREST

COMMUNITY HIGH SCHOOL DISTRICT 115, an Illinois municipal corporation,

1

CAROLYN GREVERS, an Illinois citizen, individually and as employee and/or agent of
BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT
115 LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, JOHN HIGGINS, an
Illinois citizen, individually and as employee and/or agent of BOARD OF EDUCATION
OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115 LAKE FOREST
COMMUNITY HIGH SCHOOL DISTRICT 115, and COLIN KIELY, an Illinois citizen,
individually and as employee and/or agent of BOARD OF EDUCATION OF LAKE
FOREST COMMUNITY HIGH SCHOOL DISTRICT 115 LAKE FOREST COMMUNITY
HIGH SCHOOL DISTRICT 115 respectfully alleges as follows:

## PARTIES

1.      Plaintiffs are Laszlo and Adel Karalyos, individually and as parents of Ann-
Claire Karalyos, a minor, whose date of birth is August 14, 1994.

2.      At all times relevant in this complaint, plaintiffs, Laszlo and Adel Karalyos,
were married and the parents of Ann-Claire Karalyos, a minor.

3.      Plaintiffs Laszlo and Adel Karalyos, and Ann-Claire Karalyos are citizens
of Canada, and presently reside in Montreal, Canada.

4.      On and prior to June 27, 2008, defendants, BOARD OF EDUCATION OF
LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, an Illinois municipal
corporation and LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, an
Illinois municipal corporation (hereafter referred to collectively as "LAKE FOREST
PUBLIC SCHOOLS") owned, operated, maintained, possessed and controlled an
educational facility located at 1285 North McKinley Road, City of Lake Forest, State of
Illinois, commonly referred to as "Lake Forest Community High School" and engaged on

their staff various administrative personnel, swimming coaches, assistant swimming coaches, and other personnel.

5.      On and prior to June 27, 2008, the co-defendant, CAROLYN GREVERS, an Illinois citizen who currently resides in Evanston, Illinois, was the lawful agent and servant of LAKE FOREST PUBLIC SCHOOLS, and at all times mentioned herein was acting within the scope of the agency.  During this period, CAROLYN GREVERS was employed by the defendants, LAKE FOREST PUBLIC SCHOOLS, as a swimming and diving coach.

6.      On and prior to June 27, 2008, the co-defendant, JOHN HIGGINS, an Illinois citizen who currently resides in Wheaton, Illinois, was the lawful agent and servant of LAKE FOREST PUBLIC SCHOOLS, and at all times mentioned herein was acting within the scope of the agency.  During this period, JOHN HIGGINS was employed by the defendants, LAKE FOREST PUBLIC SCHOOLS, as a swimming and diving coach.

7.      On and prior to June 27, 2008, the co-defendant, COLIN KIELY, an Illinois citizen who currently resided in Lake Forest, Illinois, was the lawful agent and servant of LAKE FOREST PUBLIC SCHOOLS and at all times mentioned herein was acting within the scope of the agency.  During this period, COLIN KIELY was employed by the defendants, LAKE FOREST PUBLIC SCHOOLS, as a swimming and diving coach.

## JURISDICTION AND VENUE

8.      The claims against the Defendants are for personal injuries arising in tort under the law of the State of Illinois.

9.     Jurisdiction is conveyed upon this Court by 28 U.S.C. § 1332 as this claim is between citizens of Illinois and citizens of Canada.

10.     Venue is appropriate in the Northern District of Illinois, Eastern Division, by virtue of 28 U.S.C. § 1391 as Defendants reside and do business in, and the events giving rise to this claim occurred and are located in, the counties served by the Northern District of Illinois, Eastern Division.

11.     The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## COUNT I

### BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation and LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation

### NEGLIGENCE

12.     Plaintiffs re-allege and reincorporate as is fully set forth herein paragraphs 1 through 11 above.

13.     On and prior to June 27, 2008, defendants, LAKE FOREST PUBLIC SCHOOLS, operated Scout Aquatics, a competitive swim club, on the premises of Lake Forest High School.

14.     On and prior to June 27, 2008, the minor Plaintiff, Ann-Claire Karalyos, was enrolled, and a participant the Scout Aquatics swim club.

15.     On and prior to June 27, 2008, defendants, LAKE FOREST PUBLIC SCHOOLS held themselves out and otherwise informed the public, and more particularly, in the instance of the Plaintiffs, that they had and possessed the requisite skill, know-how, facilities, personnel, equipment and information to properly care,

supervise, and provide swimming and diving instruction to the minor Plaintiff, Ann-Claire Karalyos.

16. On and prior to June 27, 2008, defendants, LAKE FOREST PUBLIC SCHOOLS, accepted responsibility for and undertook to provide swimming and diving instruction, and child care services for the minor Plaintiff, Ann-Claire Karalyos.

17. At all times material herein, the minor Plaintiff, Ann-Claire Karalyos, was 13 years of age and in the exercise of that degree of care and caution for her own safety commensurate with that of an individual of like age, ability, intelligence and experience, and was free from any willful and wanton or negligent conduct.

18. On June 27, 2008, Defendants, by and through its agents and employees, were responsible for making sure that minor Plaintiff, Ann-Claire Karalyos was not injured or harmed during swimming practice.

19. That during the time minor Plaintiff, Ann-Claire Karalyos, was in Defendants' custody and control, Defendants had a duty to exercise due care for the safety of the minor Plaintiff, Ann-Claire Karalyos.

20. On and prior to June 27, 2008, the Defendants, by and through its agents and employees knew or should have known that USA Swimming Rules and other applicable swimming rules dictated that starting dives should be conducted in water no less than six feet in depth.

21. On and prior to June 27, 2008, the Defendants, by and through its agents and employees knew or should have known that and that the Lake Forest High School Swimming Rules dictated that starting dives should be conducted in water no less than five feet in depth.

22. Further, the Defendants, by and through its agents and employees, knew or should have known that executing a starting dive into water less than five feet in depth was dangerous and possessed a strong likelihood of injury to those that would be instructed to perform such dives.

23. Moreover, the Defendants, by and through its agents and employees, knew or should have known that such a dive would be made even more dangerous and hazardous when its employees and agents instructed swimmers that were minors to perform a starting dive from starting blocks into water that was less than five feet in depth with their arms at their sides (i.e. a penguin dive).

24. On June 27, 2008, the Defendants, by and through its agents and employees conducted a swim practice at the Lake Forest Community High School swimming pool wherein the minor Plaintiff, Ann-Claire Karalyos, was a participant.

25. On June 27, 2008, the Defendants conducted this swim practice without a certified swimming coach.

26. On June 27, 2008, while in the custody, supervision, guidance and/or under the control of Defendants, the minor Plaintiff, Ann-Claire Karalyos, was instructed to perform a starting dive from starting blocks into water that was less than five feet in depth with her arms at her sides (i.e. a penguin dive).

27. The defendants, LAKE FOREST PUBLIC SCHOOLS, by and through its agents and employees, are guilty of one or more the following acts of negligence which were a proximate cause of the injuries sustained by the minor Plaintiff:

    a.    Carelessly and negligently failed to instruct employees as to the proper protocol and procedure regarding care, supervision and instruction of swimmers, when they knew or should have known the danger of conducting starting dives in water less than five feet in depth.

6

b.      Carelessly and negligently employed and engaged incompetent and
unskilled personnel to coach and teach swimming and diving;

c.      Carelessly and negligently permitted and allowed employees, without
proper training to conduct swim practice and dive instruction;

d.      Carelessly and negligently conducted a swim practice without a certified
swimming coach;

e.      Carelessly and negligently placed Ann-Claire Karalyos in a swim practice
without a certified swimming coach;

f.      Carelessly and negligently directed, instructed, and/or required the minor,
plaintiff, Ann-Claire Karalyos, to perform a penguin dive off of a starting
block into water that was less than five feet in depth in violation of
applicable swimming guidelines, rules and protocols;

g.      Carelessly and negligently failed to guard or warn minor Plaintiff of the
danger of conducting starting dives in water less than five feet in depth;

h.      Carelessly and negligently failed to guard or warn minor Plaintiff of the
danger of conducting penguin dives in water less than five feet in depth;

i.      Carelessly and negligently allowed, permitted, and/or approved minor
Plaintiff, Ann-Claire Karalyos, to perform a starting dive in water less than
five feet in depth;

j.      Carelessly and negligently directed, instructed, required, allowed,
permitted and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform
a penguin dive from starting blocks into water that was less than five feet;

k.      Carelessly and negligently failed to prevent and/or prohibit Ann-Claire
Karalyos from performing a starting dive under conditions and in a manner
in violation of USA Swimming Rules, Lake Forest High School Swimming
Rules, and other applicable rules.

28.     As a proximate cause of defendants, LAKE FOREST PUBLIC SCHOOLS'

failure to exercise due care for the safety of the minor Plaintiff, the minor Plaintiff

sustained severe and permanent personal and pecuniary injuries, including but not

limited to, a C5 pedicle fracture and a C7 burst fracture impinging her spinal cord.  As a result of these injuries, Anne-Claire Karalyos has become permanently disabled and has, and will, endure permanent pain and suffering.  She will be required to undergo future cervical surgery/(ies).

29.    As a direct and proximate result of the negligent acts or omissions of the Defendants, Plaintiffs, Laszlo and Adel Karalyos, became obligated for and were caused to expend moneys for medical expenses of Ann-Claire Karalyos, a minor, in excess of $100,000.00.

30.    That a cause of action to recover the above medical expenses has accrued to plaintiffs, Laszlo and Adel Karalyos, by virtue of the FAMILY EXPENSE ACT (750 ILCS 65/15) and Laszlo and Adel Karalyos have assigned their right to recover medical expenses incurred as a result of treatment rendered to Ann-Claire Karalyos, a minor.

WHEREFORE, Plaintiffs pray for judgment against the defendants, LAKE FOREST PUBLIC SCHOOLS, in excess of $75,000.00, costs in bringing this action, and for such other relief as is just and equitable.

## COUNT II

### BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation and LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation

### WILLFUL AND WANTON CONDUCT

31.    Plaintiffs re-allege and reincorporate as is fully set forth herein paragraphs 1 through 26 and above.

8

32. On June 27, 2008, there was a duty on the part of the defendants, LAKE FOREST PUBLIC SCHOOLS, by and through its duly authorized agents, servants, and/or employees, to care, supervise and instruct the students enrolled in the swimming program at the school, including minor Plaintiff, Ann-Claire Karalyos, located therein, in accordance with the accepted standards of swimming practice and opinion prevailing in the year of 2008, and to refrain from willful and wanton misconduct.

33. At the time and place aforesaid defendants, LAKE FOREST PUBLIC SCHOOLS, by and through its duly authorized agents, servants, and/or employees, were under a duty to refrain from willful and wanton conduct which would endanger the safety and/or welfare of the minor Plaintiff, Ann-Claire Karalyos.

34. That in violation of its duties aforesaid, the defendants, LAKE FOREST PUBLIC SCHOOLS, by and through its duly authorized agents, servants, and/or employees, exhibited a conscious disregard for the safety and/or welfare of the swimmers located within said premises, including the minor Plaintiff, and were then and there guilty of one or more of the following willful and wanton acts and/or omissions which were a proximate cause of the injuries sustained by the minor Plaintiff:

    a. Willfully, wantonly and with reckless disregard failed to instruct employees as to the proper protocol and procedure regarding care, supervision and instruction of swimmers, when they knew or should have known the danger of conducting starting dives in water less than five feet in depth.

    b. Willfully, wantonly and with reckless disregard employed and engaged incompetent and unskilled personnel to coach and teach swimming and diving;

    c. Willfully, wantonly and with reckless disregard permitted and allowed employees without proper training to conduct swim practice and dive instruction;

d.      Willfully, wantonly and with reckless disregard failed to warn the public, including the minor Plaintiff, Ann-Claire Karalyos, that it had not properly instructed its employees as to the proper protocol and procedures regarding conducting swim practices and dive instruction;

e.      Willfully, wantonly and with reckless disregard conducted a swim practice without a certified swimming coach;

f.      Willfully, wantonly and with reckless disregard placed Ann-Claire Karalyos in a swim practice without a certified swimming coach;

g.      Willfully, wantonly and with reckless disregard exposed the minor Plaintiff to an activity they knew or should have known was harmful to her given the depth of the water;

h.      Willfully, wantonly and with reckless disregard failed to guard or warn minor Plaintiff of the danger of conducting starting dives in water less than five feet in depth;

i.      Willfully, wantonly and with reckless disregard failed to guard or warn minor Plaintiff of the danger of conducting penguin dives in water less than five feet in depth;

j.      Willfully, wantonly and with reckless disregard allowed, permitted, and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a starting dive in water less than five feet in depth;

k.      Willfully, wantonly and with reckless disregard allowed, permitted and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a penguin dive from starting blocks into water that was less than five feet;

l.      Willfully, wantonly and with reckless disregard failed to prevent and/or prohibit Ann-Claire Karalyos from perform a starting dive under conditions and in a manner in violation of USA Swimming Rules, Lake Forest High School Swimming Rules, and other applicable rules;

m.      Willfully, wantonly and with reckless disregard directed, instructed, and/or required the minor, plaintiff, Ann-Claire Karalyos, to perform a penguin dive off of a starting block into water that was less than five feet in depth in violation of swimming guidelines, rules and protocols.

35.     As a proximate cause of defendants, LAKE FOREST PUBLIC SCHOOLS',

willful and wanton acts or omissions, the minor Plaintiff sustained severe and

permanent personal and pecuniary injuries, including but not limited to, a C5 pedicle

fracture and a C7 burst fracture impinging her spinal cord.  As a result of these injuries,

Anne-Claire Karalyos has become permanently disabled and has and will endure

permanent pain and suffering.  She will be required to undergo future cervical

surgery/(ies).

36.     As a direct and proximate result of the willful and wanton acts or

omissions of the Defendants, plaintiffs, Laszlo and Adel Karalyos, became obligated for

and were caused to expend moneys for medical expenses of Ann-Claire Karalyos, a

minor, in excess of $100,000.00.

37.     That a cause of action to recover the above medical expenses has

accrued to plaintiffs, Laszlo and Adel Karalyos, by virtue of the FAMILY EXPENSE ACT

(750 ILCS 65/15) and Laszlo and Adel Karalyos have assigned their right to recover

medical expenses incurred as a result of treatment rendered to Ann-Claire Karalyos, a

minor.

WHEREFORE, Plaintiffs pray for judgment against the defendants, LAKE

FOREST PUBLIC SCHOOLS, in excess of $75,000.00, costs in bringing this action,

and for such other relief as is just and equitable.

## COUNT III

### CAROLYN GREVERS, individually and as agent and employee of BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation and LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation

### NEGLIGENCE

38.     Plaintiffs re-allege and reincorporate as is fully set forth herein paragraphs 1 through 17 above.

39.     On and prior to June 27, 2008, defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, accepted responsibility for and undertook to provide swimming and diving instruction, and child care services for Ann-Claire Karalyos, a minor.

40.     During the time minor Plaintiff, Ann-Claire Karalyos, was in Defendant's custody and control, Defendant had a duty to exercise due care for the safety of the minor Plaintiff, Ann-Claire Karalyos.

41.     That on June 27, 2008, defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, was responsible for making sure that minor Plaintiff, Ann-Claire Karalyos was not injured or harmed during swimming practice.

42.     On and prior to June 27, 2008, the defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, knew or should have known that USA swimming rules and other applicable swimming rules, dictated that starting dives should be conducted in water no less than five feet in depth.

43.     On and prior to June 27, 2008, the defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, knew or

should have known that and that the Lake Forest High School Swimming Rules dictated that starting dives should be conducted in water no less than five feet in depth.

44.     Further, the Defendant knew or should have known that executing a starting dive into water less than five feet in depth was dangerous and possessed a strong likelihood of injury to those that would be instructed to perform such dives.

45.     On and prior to June 27, 2008, the defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, knew that such a dive would be made even more dangerous and hazardous when its employees and agents instructed swimmers that were minors to perform a starting dive from starting blocks into water that was less than five feet in depth with their arms at their sides (i.e. a penguin dive).

46.     On June 27, 2008, while in the custody, supervision, guidance and/or under the control of defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, the minor Plaintiff, Ann-Claire Karalyos, was permitted to participate in a swim practice at the Lake Forest Community High School swimming pool.

47.     That on June 27, 2008, the Defendant, CAROLYN GREVERS, directed, permitted, and/or allowed this practice to be conducted without a certified swimming coach.

48.     On June 27, 2008, while in the custody, supervision, guidance and/or under the control of defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, the minor Plaintiff, Ann-Claire

Karalyos, was instructed to perform a starting dive from starting blocks into water that was less than five feet in depth with her arms at her sides (i.e. a penguin dive).

49. The defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, is guilty of one or more of the following acts of negligence which were a proximate cause of the injuries sustained by the minor Plaintiff:

a. Carelessly and negligently failed to instruct other coaches as to the proper protocol and procedure regarding care, supervision, and instruction of swimmers, when she knew or should have known the danger of conducting starting dives in water less than five feet in depth.

b. Carelessly and negligently directed, permitted, and/or allowed incompetent and unskilled personnel to coach and teach swimming and diving;

c. Carelessly and negligently directed, permitted, and/or allowed coaches, without proper training, to conduct swim practice and dive instruction;

d. Carelessly and negligently placed Ann-Claire Karalyos in a swim practice without a certified swimming coach;

e. Carelessly and negligently required the minor, plaintiff, Ann-Claire Karalyos, to perform a penguin dive off of a starting block into water that was less than five feet in depth in violation of swimming guidelines, rules and protocols;

f. Carelessly and negligently failed to guard or warn minor Plaintiff of the danger of conducting starting dives in water less than five feet in depth;

g. Carelessly and negligently failed to guard or warn minor Plaintiff of the danger of conducting penguin dives in water less than five feet in depth;

h. Carelessly and negligently allowed, permitted, and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a starting dive in water less than five feet in depth;

i.    Carelessly and negligently allowed, permitted and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a penguin dive from starting blocks into water that was less than five feet;

j.    Carelessly and negligently failed to prevent and/or prohibit Ann-Claire Karalyos from perform a starting dive under conditions and in a manner in violation of USA Swimming Rules, Lake Forest High School Swimming Rules, and other applicable rules.

50.    As a proximate cause of defendant, CAROLYN GREVERS's, failure to exercise due care for the safety of the minor Plaintiff, the minor Plaintiff sustained severe and permanent personal and pecuniary injuries, including but not limited to, a C5 pedicle fracture and a C7 burst fracture impinging her spinal cord.  As a result of these injuries, Anne-Claire Karalyos has become permanently disabled and has and will endure permanent pain and suffering.  She will be required to undergo future cervical surgery/(ies).

51.    As a direct and proximate result of the negligent acts or omissions of the Defendant, plaintiffs, Laszlo and Adel Karalyos, became obligated for and were caused to expend moneys for medical expenses of Ann-Claire Karalyos, a minor, in excess of $100,000.00.

52.    That a cause of action to recover the above medical expenses has accrued to plaintiffs, Laszlo and Adel Karalyos, by virtue of the FAMILY EXPENSE ACT (750 ILCS 65/15) and Laszlo and Adel Karalyos have assigned their right to recover medical expenses incurred as a result of treatment rendered to Ann-Claire Karalyos, a minor.

WHEREFORE, Plaintiffs pray for judgment against the defendant, CAROLYN GREVERS, in excess of $75,000.00, costs in bringing this action, and for such other relief as is just and equitable.

## COUNT IV

**CAROLYN GREVERS, individually and as agent and employee of BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation and LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation**

## WILLFUL AND WANTON CONDUCT

53.     Plaintiffs re-allege and reincorporate as is fully set forth herein paragraphs 1 through 17 and 39 through 48 above.

54.     On and prior to June 27, 2008, defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, accepted responsibility for and undertook to provide swimming and diving instruction, and child care services for Ann-Claire Karalyos, a minor.  At the time the minor Plaintiff, Ann-Claire Karalyos, was in Defendant's custody and control, Defendant was under a duty to refrain from willful and wanton conduct which would endanger the safety and/or welfare of the minor Plaintiff, Ann-Claire Karalyos.

55.     That on June 27, 2008, defendant, CAROLYN GREVERS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, in violation of his duties aforesaid, exhibited a conscious disregard for the safety and/or welfare of the swimmers located within said premises, including the minor Plaintiff, and was then and there guilty of one or more of the following willful and wanton acts and/or omissions were a proximate cause of the injuries sustained by the minor Plaintiff:

a.   Willfully, wantonly and with reckless disregard failed to instruct other coaches as to the proper protocol and procedure regarding care, supervision and instruction of swimmers, when she knew or should have known the danger of conducting starting dives in water less than five feet in depth.

b.   Willfully, wantonly and with reckless disregard directed, allowed, and/or permitted incompetent and unskilled personnel to coach and teach swimming and diving;

c.   Willfully, wantonly and with reckless disregard directed, allowed, and/or permitted coaches without proper training to run swim and dive practice;

d.   Willfully, wantonly and with reckless disregard failed to warn the public, including the minor Plaintiff, Ann-Claire Karalyos, that she had not properly instructed coaches as to the proper protocol and procedures regarding conducting swim practices and dive instruction;

e.   Willfully, wantonly and with reckless disregard placed Ann-Claire Karalyos in a swim practice without a certified swimming coach;

f.   Willfully, wantonly and with reckless disregard exposed the minor Plaintiff to an activity she knew or should have known was harmful given the depth of the water;

g.   Willfully, wantonly and with reckless disregard failed to guard or warn minor Plaintiff of the danger of conducting starting dives in water less than five feet in depth;

h.   Willfully, wantonly and with reckless disregard failed to guard or warn minor Plaintiff of the danger of conducting penguin dives in water less than five feet in depth;

i.   Willfully, wantonly and with reckless disregard allowed, permitted, and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a starting dive in water less than five feet in depth;

j.   Willfully, wantonly and with reckless disregard allowed, permitted and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a penguin dive from starting blocks into water that was less than five feet;

k.      Willfully, wantonly and with reckless disregard failed to prevent and/or prohibit Ann-Claire Karalyos from perform a starting dive under conditions and in a manner in violation of USA Swimming Rules, Lake Forest High School Swimming Rules, and other applicable rules.

56.     As a proximate cause of defendant, CAROLYN GREVERS's, willful and wanton conduct, the minor Plaintiff sustained severe and permanent personal and pecuniary injuries, including but not limited to, a C5 pedicle fracture and a C7 burst fracture impinging her spinal cord.  As a result of these injuries, Anne-Claire Karalyos has become permanently disabled and has and will endure permanent pain and suffering.  She will be required to undergo future cervical surgery/(ies).

57.     As a direct and proximate result of the willful and wanton acts or omissions of the Defendant, Plaintiffs, Laszlo and Adel Karalyos, became obligated for and were caused to expend moneys for medical expenses of Ann-Claire Karalyos, a minor, in excess of $100,000.00.

58.     That a cause of action to recover the above medical expenses has accrued to plaintiffs, Laszlo and Adel Karalyos, by virtue of the FAMILY EXPENSE ACT (750 ILCS 65/15) and Laszlo and Adel Karalyos have assigned their right to recover medical expenses incurred as a result of treatment rendered to Ann-Claire Karalyos, a minor.

WHEREFORE, Plaintiffs pray for judgment against the defendant, CAROLYN GREVERS, in excess of $75,000.00, costs in bringing this action, and for such other relief as is just and equitable.

## COUNT V

### JOHN HIGGINS, individually and as agent and employee of BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation and LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation

### NEGLIGENCE

59.     Plaintiffs re-allege and reincorporate as is fully set forth herein paragraphs 1 through 17 above.

60.     On and prior to June 27, 2008, defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, accepted responsibility for and undertook to provide swimming and diving instruction, and child care services for Ann-Claire Karalyos, a minor.

61.     During the time minor Plaintiff, Ann-Claire Karalyos, was in Defendant's custody and control, Defendant had a duty to exercise due care for the safety of the minor Plaintiff, Ann-Claire Karalyos.

62.     That on June 27, 2008, defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, was responsible for making sure that minor Plaintiff, Ann-Claire Karalyos was not injured or harmed during swim practice.

63.     On and prior to June 27, 2008, the defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, knew or should have known that and that the Lake Forest High School Swimming Rules dictated that starting dives should be conducted in water no less than five feet in depth.

64.     On and prior to June 27, 2008, the defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, knew or should

have known that USA Swimming Rules and other applicable swimming rules, dictated that starting dives should be conducted in water no less than six feet in depth.

65.     Further, the Defendant knew or should have known that executing a starting dive into water less than five feet in depth was dangerous and possessed a strong likelihood of injury to those that would be instructed to perform such dives.

66.     On and prior to June 27, 2008, the defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, knew that such a dive would be made even more dangerous and hazardous when its employees and agents instructed swimmers that were minors to perform a starting dive from starting blocks into water that was less than five feet in depth with their arms at their sides (i.e. a penguin dive).

67.     On June 27, 2008, while in the custody, supervision, guidance and/or under the control of defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, the minor Plaintiff, Ann-Claire Karalyos, was permitted to participate in a swim practice at the Lake Forest Community High School swimming pool.

68.     That on June 27, 2008, the defendant, JOHN HIGGINS, was not a certified swimming coach.

69.     That on June 27, 2008, the Defendant, conducted this practice without a certified swimming coach.

70.     On June 27, 2008, while in the custody, supervision, guidance and/or under the control of defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, the minor Plaintiff, Ann-Claire

Karalyos, was instructed to perform a starting dive from starting blocks into water that was less than five feet in depth with her arms at her sides (i.e. a penguin dive).

71.     That the defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, is guilty of one or more of the following acts of negligence which were a proximate cause of the injuries sustained by the minor Plaintiff:

a.     Carelessly and negligently placed Ann-Claire Karalyos in a swim practice without a certified swimming coach;

b.     Carelessly and negligently directed, instructed, and/or required the minor, plaintiff, Ann-Claire Karalyos, to perform a penguin dive off of a starting block into water that was less than five feet in depth in violation of swimming guidelines, rules and protocols;

c.     Carelessly and negligently failed to guard or warn minor Plaintiff of the danger of conducting starting dives in water less than five feet in depth;

d.     Carelessly and negligently failed to guard or warn minor Plaintiff of the danger of conducting penguin dives in water less than five feet in depth;

e.     Carelessly and negligently directed, instructed, required, allowed, permitted, and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a starting dive in water less than five feet in depth;

f.     Carelessly and negligently directed, instructed, required, allowed, permitted and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a penguin dive from starting blocks into water that was less than five feet;

g.     Carelessly and negligently directed, instructed, required, allowed, permitted and/or approved Ann-Claire Karalyos to perform a starting dive under conditions and in a manner in violation of USA Swimming Rules, Lake Forest high School Swimming Rules, and other applicable rules;

h.     Carelessly and negligently failed to prevent and/or prohibit Ann-Claire Karalyos from performing a starting dive under conditions and in a manner in violation of USA Swimming Rules, Lake Forest high School Swimming Rules, and other applicable rules.

72.     As a proximate cause of defendant, JOHN HIGGINS', failure to exercise due care for the safety of the minor Plaintiff, the minor Plaintiff sustained severe and permanent personal and pecuniary injuries, including but not limited to, a C5 pedicle fracture and a C7 burst fracture impinging her spinal cord.  As a result of these injuries, Anne-Claire Karalyos has become permanently disabled and has and will endure permanent pain and suffering.  She will be required to undergo future cervical surgery/(ies).

73.     As a direct and proximate result of the negligent acts or omissions of the Defendant, plaintiffs, Laszlo and Adel Karalyos, became obligated for and were caused to expend moneys for medical expenses of Ann-Claire Karalyos, a minor, in excess of $100,000.00.

74.     That a cause of action to recover the above medical expenses has accrued to plaintiffs, Laszlo and Adel Karalyos, by virtue of the FAMILY EXPENSE ACT (750 ILCS 65/15) and Laszlo and Adel Karalyos have assigned their right to recover medical expenses incurred as a result of treatment rendered to Ann-Claire Karalyos, a minor.

WHEREFORE, Plaintiffs pray for judgment against the defendant, JOHN HIGGINS, in excess of $75,000.00, costs in bringing this action, and for such other relief as is just and equitable.

## COUNT VI

### JOHN HIGGINS, individually and as agent and employee of BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation and LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation

### WILLFUL AND WANTON CONDUCT

75.     Plaintiffs re-allege and reincorporate as is fully set forth herein paragraphs 1 through 17 and 60 through 70 above.

76.     On and prior to June 27, 2008, defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, accepted responsibility for and undertook to provide swimming and diving instruction, and child care services for Ann-Claire Karalyos, a minor.  During the time minor Plaintiff, Ann-Claire Karalyos, was in Defendant's custody and control, Defendant was under a duty to refrain from willful and wanton conduct which would endanger the safety and/or welfare of the minor Plaintiff, Ann-Claire Karalyos.

77.     That on June 27, 2008, defendant, JOHN HIGGINS, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, in violation of his duties aforesaid, exhibited a conscious disregard for the safety and/or welfare of the swimmers located within said premises, including the minor Plaintiff, and was then and there guilty of one or more of the following willful and wanton acts and/or omissions were a proximate cause of the injuries sustained by the minor Plaintiff:

a.      Willfully, wantonly and with reckless disregard conducted a swim practice without a certified swimming coach;

b.      Willfully, wantonly and with reckless disregard required the minor, plaintiff, Ann-Claire Karalyos, to perform a penguin dive off of a starting block into water that was less than five feet in depth in violation of swimming guidelines, rules and protocols;

c. Willfully, wantonly and with reckless disregard failed to guard or warn minor Plaintiff of the danger of conducting starting dives in water less than five feet in depth;

d. Willfully, wantonly and with reckless disregard failed to guard or warn minor Plaintiff of the danger of conducting penguin dives in water less than five feet in depth;

e. Willfully, wantonly and with reckless disregard directed, instructed, required, allowed, permitted and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a starting dive in water less than five feet in depth;

f. Willfully, wantonly and with reckless disregard directed, instructed, required, allowed, permitted and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a penguin dive from starting blocks into water that was less than five feet;

g. Willfully, wantonly and with reckless disregard directed, instructed, required, allowed, permitted and/or approved Ann-Claire Karalyos to performing a starting dive under conditions and in a manner in violation of USA Swimming Rules, Lake Forest High School Swimming Rules, and other applicable rules;

h. Willfully, wantonly and with reckless disregard failed to prevent and/or prohibit Ann-Claire Karalyos from performing a starting dive under conditions and in a manner in violation of USA Swimming Rules, Lake Forest High School Swimming Rules, and other applicable rules.

78. As a proximate cause of defendant, JOHN HIGGINS', willful and wanton conduct, the minor Plaintiff sustained severe and permanent personal and pecuniary injuries, including but not limited to, a C5 pedicle fracture and a C7 burst fracture impinging her spinal cord. As a result of these injuries, Anne-Claire Karalyos has become permanently disabled and has and will endure permanent pain and suffering. She will be required to undergo future cervical surgery/(ies).

79.     As a direct and proximate result of the willful and wanton acts or omissions of the Defendant, Plaintiffs, Laszlo and Adel Karalyos, became obligated for and were caused to expend moneys for medical expenses of Ann-Claire Karalyos, a minor, in excess of $100,000.00.

80.     That a cause of action to recover the above medical expenses has accrued to plaintiffs, Laszlo and Adel Karalyos, by virtue of the FAMILY EXPENSE ACT (750 ILCS 65/15) and Laszlo and Adel Karalyos have assigned their right to recover medical expenses incurred as a result of treatment rendered to Ann-Claire Karalyos, a minor.

WHEREFORE, Plaintiffs pray for judgment against the defendant, JOHN HIGGINS, in excess of $75,000.00, costs in bringing this action, and for such other relief as is just and equitable.

## COUNT VII

### COLIN KIELY, individually and as agent and employee of
### BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation and LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation

### NEGLIGENCE

81.     Plaintiffs re-allege and reincorporate as is fully set forth herein paragraphs 1 through 17.

82.     On and prior to June 27, 2008, defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, accepted responsibility for and undertook to provide swimming and diving instruction, and child care services for Ann-Claire Karalyos, a minor.  During the time minor Plaintiff, Ann-

Claire Karalyos, was in Defendant's custody and control, Defendant had a duty to exercise due care for the safety of the minor Plaintiff, Ann-Claire Karalyos.

83. That on June 27, 2008, defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, was responsible for making sure that minor Plaintiff, Ann-Claire Karalyos was not injured or harmed during swim practice.

84. On and prior to June 27, 2008, the defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, knew or should have known that USA Swimming Rules and other applicable swimming rules, dictated that starting dives should be conducted in water no less than six feet in depth.

85. On and prior to June 27, 2008, the defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, knew or should have known that and that the Lake Forest High School Swimming Rules dictated that starting dives should be conducted in water no less than five feet in depth.

86. Further, the Defendants, by and through its agents and employees, knew or should have known that executing a starting dive into water less than five feet in depth was dangerous and possessed a strong likelihood of injury to those that would be instructed to perform such dives.

87. On and prior to June 27, 2008, the defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, knew that such a dive would be made even more dangerous and hazardous when its employees and agents instructed swimmers that were minors to perform a starting dive from starting

blocks into water that was less than five feet in depth with their arms at their sides (i.e. a penguin dive).

88.     On June 27, 2008, while in the custody, supervision, guidance and/or under the control of defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, the minor Plaintiff, Ann-Claire Karalyos, was permitted to participate in a swim practice at the Lake Forest Community High School swimming pool.

89.     That on June 27, 2008, the defendant, COLIN KIELY, was not a certified swimming coach.

90.     That on June 27, 2008, the Defendant, conducted this practice without a certified swimming coach.

91.     On June 27, 2008, while in the custody, supervision, guidance and/or under the control of defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, the minor Plaintiff, Ann-Claire Karalyos, was instructed to perform a starting dive from starting blocks into water that was less than five feet in depth with her arms at her sides (i.e. a penguin dive).

92.     That the defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, is guilty of one or more of the following acts of negligence which were a proximate cause of the injuries sustained by the minor Plaintiff:

    a.     Carelessly and negligently conducted a swim practice without a certified swimming coach;

b.      Carelessly and negligently directed, instructed, and/or required the minor, plaintiff, Ann-Claire Karalyos, to perform a penguin dive off of a starting block into water that was less than five feet in depth in violation of swimming guidelines, rules and protocols;

c.      Carelessly and negligently failed to guard or warn minor Plaintiff of the danger of conducting starting dives in water less than five feet in depth;

d.      Carelessly and negligently failed to guard or warn minor Plaintiff of the danger of conducting penguin dives in water less than five feet in depth;

e.      Carelessly and negligently directed, instructed, required, allowed, permitted, and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a starting dive in water less than five feet in depth;

f.      Carelessly and negligently directed, instructed, required, allowed, permitted and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a penguin dive from starting blocks into water that was less than five feet;

g.      Carelessly and negligently directed, instructed, required, allowed, permitted and/or approved Ann-Claire Karalyos to performing a starting dive under conditions and in a manner in violation of USA Swimming Rules, Lake Forest High School Swimming Rules, and other applicable rules.

h.      Carelessly and negligently failed to prevent and/or prohibit Ann-Claire Karalyos from performing a starting dive under conditions and in a manner in violation of USA Swimming Rules, Lake Forest High School Swimming Rules, and other applicable rules.

93.     As a proximate cause of defendant, COLIN KIELY's, failure to exercise due care for the safety of the minor Plaintiff, the minor Plaintiff sustained severe and permanent personal and pecuniary injuries, including but not limited to, a C5 pedicle fracture and a C7 burst fracture impinging her spinal cord.  As a result of these injuries, Anne-Claire Karalyos has become permanently disabled and has and will endure permanent pain and suffering.  She will be required to undergo future cervical surgery/(ies).

94.     As a direct and proximate result of the negligent acts or omissions of the Defendant, plaintiffs, Laszlo and Adel Karalyos, became obligated for and were caused to expend moneys for medical expenses of Ann-Claire Karalyos, a minor, in excess of $100,000.00.

95.     That a cause of action to recover the above medical expenses has accrued to Plaintiffs, Laszlo and Adel Karalyos, by virtue of the FAMILY EXPENSE ACT (750 ILCS 65/15) and Laszlo and Adel Karalyos have assigned their right to recover medical expenses incurred as a result of treatment rendered to Ann-Claire Karalyos, a minor.

WHEREFORE, Plaintiffs pray for judgment against the defendant, COLIN KIELY, in excess of $75,000.00, costs in bringing this action, and for such other relief as is just and equitable.

## COUNT VIII

### COLIN KIELY, individually and as agent and employee of BOARD OF EDUCATION OF LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation and LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, a municipal corporation

### WILLFUL AND WANTON CONDUCT

96.     Plaintiffs re-allege and reincorporate as is fully set forth herein paragraphs 1 through 17 and 82 through 91 above.

97.     On and prior to June 27, 2008, defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, accepted responsibility for and undertook to provide swimming and diving instruction, and child care services for Ann-Claire Karalyos, a minor.  During the time minor Plaintiff, Ann-Claire Karalyos, was in Defendant's custody and control, Defendant was under a duty to

refrain from willful and wanton conduct which would endanger the safety and/or welfare of the minor Plaintiff, Ann-Claire Karalyos.

98.     That on June 27, 2008, defendant, COLIN KIELY, as agent and employee of co-defendants, LAKE FOREST PUBLIC SCHOOLS, in violation of his duties aforesaid, exhibited a conscious disregard for the safety and/or welfare of the swimmers located within said premises, including the minor Plaintiff, and was then and there guilty of one or more of the following willful and wanton acts and/or omissions were a proximate cause of the injuries sustained by the minor Plaintiff:

    a.    Willfully, wantonly and with reckless disregard conducted a swim practice without a certified swimming coach;

    b.    Willfully, wantonly and with reckless disregard directed, instructed, and/or required the minor, plaintiff, Ann-Claire Karalyos, to perform a penguin dive off of a starting block into water that was less than five feet in depth in violation of swimming guidelines, rules and protocols;

    c.    Willfully, wantonly and with reckless disregard failed to guard or warn minor Plaintiff of the danger of conducting starting dives in water less than five feet in depth;

    d.    Willfully, wantonly and with reckless disregard failed to guard or warn minor Plaintiff of the danger of conducting penguin dives in water less than five feet in depth;

    e.    Willfully, wantonly and with reckless disregard directed, instructed, required, allowed, permitted, and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a starting dive in water less than five feet in depth;

    f.    Willfully, wantonly and with reckless disregard directed, instructed, required, allowed, permitted, and/or approved minor Plaintiff, Ann-Claire Karalyos, to perform a penguin dive from starting blocks into water that was less than five feet;

    g.    Willfully, wantonly and with reckless disregard directed, instructed, required, allowed, permitted, and/or approved Ann-Claire Karalyos to

performing a starting dive under conditions and in a manner in violation of USA swimming rules and other applicable rules.

h.     Willfully, wantonly and with reckless disregard failed to prevent and/or prohibit Ann-Claire Karalyos from performing a starting dive under conditions and in a manner in violation of USA swimming rules and other applicable rules.

99.    As a proximate cause of defendant, COLIN KIELY's, willful and wanton conduct, the minor Plaintiff sustained severe and permanent personal and pecuniary injuries, including but not limited to, a C5 pedicle fracture and a C7 burst fracture impinging her spinal cord. As a result of these injuries, Anne-Claire Karalyos has become permanently disabled and has and will endure permanent pain and suffering. She will be required to undergo future cervical surgery/(ies).

100.   As a direct and proximate result of the willful and wanton acts or omissions of the Defendant, Plaintiffs, Laszlo and Adel Karalyos, became obligated for and were caused to expend moneys for medical expenses of Ann-Claire Karalyos, a minor, in excess of $100,000.00.

101.   That a cause of action to recover the above medical expenses has accrued to Plaintiffs, Laszlo and Adel Karalyos, by virtue of the FAMILY EXPENSE ACT (750 ILCS 65/15) and Laszlo and Adel Karalyos have assigned their right to recover medical expenses incurred as a result of treatment rendered to Ann-Claire Karalyos, a minor.

WHEREFORE, Plaintiffs pray for judgment against the defendant, COLIN KIELY, in excess of $75,000.00, costs in bringing this action, and for such other relief as is just and equitable.

## COUNT IX

## FAMILY EXPENSE ACT

102.    Plaintiffs restate, reallege, and incorporate, by reference, Paragraphs 1–101 as though fully set forth herein.

103.    The Family Expense Act, 750 ILCS 65/15, was in effect at all times mentioned herein.

104.    As a direct and proximate result of the conduct of defendants LAKE FOREST PUBLIC SCHOOLS, CAROLYN GREVERS, JOHN HIGGINS, and COLIN KIELY, plaintiffs, Laszlo and Adel Karalyos, became obligated to expend large sums of money for medical and other expenses occasioned by the injuries to Ann-Claire Karalyos, their daughter, in excess of $100,000.00.

105.    A cause of action to recover these medical expenses has accrued to plaintiffs, Laszlo and Adel Karalyos, individually, by virtue of the Illinois Family Expense Statute, 750 ILCS 65/15.

WHEREFORE, Plaintiffs pray for judgment against each and every one of the Defendants in the amount necessary to fully and fairly compensate Plaintiff s for all of their losses compensable under the terms of the Family Expense Act, 750 ILCS 65/15, and Illinois common law, which substantially exceeds the minimum jurisdictional amount of this court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.


**Dated:  April 14, 2009**

Respectfully submitted,

LEVIN, RIBACK LAW GROUP, P.C.

By:     /s/ Richard I. Levin_____

Attorney for Plaintiffs


LEVIN RIBACK LAW GROUP, P.C.
Attorney No. 40280
60 West Randolph Street
Suite 333
Chicago, Illinois  60601
(312) 782-6717